BARCELÓ, PLAINTIFF, APPELLEE AND APPELLANT, *v.* DÍAZ, DEFENDANT, APPELLANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action to Recover Professional Fees.

MOTION to Dismiss the Appeal.

No. 2176.—Decided February 26, 1920.

APPEAL—TRANSCRIPT OF RECORD—EXTENSION OF TIME.—Motions for extensions of time necessary for the preparation of the transcript of the record in an appeal taken in accordance with Act No. 27 of November, 1917, can be made either by the stenographer or by the appellant.

ID.—ID.—COPY TO APPELLEE.—As the amendment to Act No. 27 of 1917 contained in Act No. 81 of 1919 was not in force when the stenographer delivered to the clerk of the district court the transcript of the evidence ordered by the court on motion of the appellant, neither the appellant nor the stenographer was obliged to deliver a copy of said transcript to the adverse party or his attorney.

The facts are stated in the opinion.
*Mr. M. Benítez Flores* for the plaintiff-appellant.

*Mr. L. Llorens* for the defendant-appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

In order to perfect his appeal in this case the defendant moved the court below to order the stenographer to prepare a transcript of the record and to grant him an extension of time of two months in addition to the twenty days allowed by law for that purpose. The motion was sustained and thereafter another extension of time was allowed at the instance of the appellant. Before the last extension of time had expired, or on September 2, 1919, the stenographer delivered the transcript to the clerk of the court without serving the appellee or his attorney with a copy thereof.

The court having set a hearing for the 29th of December so that the parties might propose such amendments or additions to the transcript as they should consider necessary, the appellee appeared at the hearing and objected to the approval of the transcript, alleging that it had been filed too late because the appellant and not the stenographer had moved for the extensions of time and because he had not been served with a copy of the said transcript. The court overruled the objections and, after accepting certain amendments proposed by the appellant, the appellee having stated that he had no amendments to propose, approved the transcript.

At this stage of the case the appellee filed a motion in this court on January 26, 1920, for dismissal of the appeal for the reasons above stated, also because more than ninety days had elapsed since the appeal was taken and yet the transcript of the record had not been filed in this court and because the appeal had not been prosecuted with due diligence, inasmuch as the transcript was approved on December 29, 1919, and more than twenty days elapsed without its having been filed in the Supreme Court.

Service of this motion was made upon the appellant on January 26th and on the 28th of the same month the transcript was filed in this court.

The question raised by the appellee, that only the steno-

grapher can ask for extensions of time for preparing the transcript, is without merit because Act No. 27 of November, 1917, in force when the preparation of the transcript was ordered and when it was presented to the clerk by the stenographer, is silent regarding who may ask for extensions of time, prescribing only that the stenographer shall have twenty days within which to make the transcript and (section 3) that the periods of time fixed by the act may be extended by the courts. Hence extensions of time could be asked for both by the stenographer and by the appellant, the party really interested and under the obligation to prosecute his appeal without prejudice to himself or to the appellee. Moreover, in considering in the case of *Vieira & Co.* v. *Reyes,* *ante,* page 74, Act No. 81 of June, 1919, which provides that the time allowed the stenographer for making the transcript may be extended on motion of the stenographer or of the appellant and that in no case shall the delay of the stenographer constitute a legal reason for dismissing an appeal, we held that not only may the appellant ask for an extension of time for the stenographer, but that it is his duty to do so if he does not wish to suffer the consequences of the stenographer's failure to present the transcript within the time allowed him by the court or within such extension of time as he may have been granted. Therefore the stenographer having been granted extensions of time at the instance of the appellant, he was relieved of the duty of presenting the transcript within the twenty days allowed by law, and the fact that he presented it after that time, but within the extensions granted, is no ground for dismissing the appeal.

The ground for dismissal, that on January 26 the transcript approved on December 29 of the previous year had not yet been filed, is not well taken because on January 26 the thirty days allowed the appellant for filing the transcript in this court, computed from the date of its approval, had not expired and the transcript was filed on January 28, or within the legal period.

The only question of importance raised is whether the appellee must be served with a copy of the transcript which the stenographer prepares by order of the court.

When in this case the stenographer was ordered to make a transcript for the appeal and when he presented it to the clerk of the court on September 2, 1919, Act No. 27 of November, 1917, was in force, according to which an appellant, instead of preparing the bill of exceptions or statement of the case required by section 299 of the Code of Civil Procedure, may elect to have the stenographer make a transcript of the testimony offered and taken, of the evidence offered and admitted, and of all decisions, rulings or statements of the court, as well as of all objections and exceptions of the attorneys and questions or matters related thereto. According to the act the stenographer shall deliver the transcript to the clerk and thereupon the judge shall set a day for its approval, it being the duty of the clerk to give ten days' notice of such setting; and on the day so set the judge shall examine the transcript and see that it is an exact, true and correct copy of the proceedings had at the trial, and the parties may request the inclusion of all such documents records or particulars as should be included therein according to the results of the trial. The judge having certified that the said transcript is true and correct and so approved it, it shall constitute and form part of the judgment roll as if it were the bill of exceptions or statement of the case provided for in section 299 of the said code, all other proceedings to be as prescribed in the said section.

Therefore, according to that act the appellant may elect to prepare himself the statement of the case or bill of exceptions required by said section 299 or ask the court to order the stenographer to prepare a transcript of the evidence, rulings and statements of the court, the exceptions and objections of the attorneys and all matters related thereto. If the appellant proceeds under said section 299 he must deliver to the appellee a copy of the statement of the case or bill

of exceptions which he prepares and presents to the court, but if he elects to follow the procedure prescribed by said Act No. 27, neither he nor the stenographer has to deliver to the appellee a copy of the transcript which the latter prepares and presents to the court, because the act does not impose that duty upon either of them. The said Act No. 27 governs all matters relating to the transcript made by the stenographer up to the time when it is approved and certified to by the judge, and after that time it becomes a part of the judgment roll and section 299 of the said code again applies. Consequently, having availed himself of the privileges of Act No. 27, neither the appellant nor the stenographer was obliged to deliver a copy of said transcript to the adverse party; hence we can not hold that the omission is a sufficient ground for the dismissal of the appeal. Undoubtedly it would have been convenient to the appellee to have such a copy in order to be able to propose amendments without resorting to the transcript on file in the clerk's office, but the act does not provide for it. Fortunately, the situation in which the act placed the appellee did not continue, for on September 26, 1919, Act No. 81 of that year went into effect and it provides for the delivery of such a copy to the appellee; and this provision strengthens the conclusion reached by this court, for the law need not have expressly required the delivery of such a copy if the legislators had thought that under Act No. 27 a copy must be delivered because said section 299 was applicable. In order that a person may be required to fulfill a legal duty it must be clearly imposed by law.

The contention of the appellee that as Act No. 81 was in force on December 29, 1919, the date on which the transcript was approved, a copy of the said transcript should have been delivered to him, is also untenable, because the stenographer is under that obligation only as regards transcripts delivered by him after September 29, 1919, and here he made the delivery on September 2, 1919.

For the foregoing reasons the motion to dismiss the appeal must be

*Overruled.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.